IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BYRON GILBERT and ELAINE GILBERT,   )
                                     )
    Plaintiffs,                      )   Civil Action No.  1:13-cv-261 (Keeley)
                                     )
v.                                   )   ELECTRONICALLY FILED, December 16, 2013
                                     )
ADVANCE STORES COMPANY, INC.,        )
                                     )
    Defendant.                       )

### DEFENDANTS' NOTICE OF REMOVAL

To:    The Honorable Judges of the United States District Court
        for the Northern District of West Virginia

Defendant Advance Stores Company, Incorporated (improperly identified by Plaintiff as "Advance Stores Company, Inc." and hereinafter referred to as "Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Northern District of West Virginia, and Title 28 of the United States Code §§ 1332, 1441 and 1446, hereby files this Notice of Removal and removes the action entitled "Byron Gilbert and Elaine Gilbert v. Advance Stores Company, Inc.," Case No. 13-C-478 in the Circuit Court of Harrison County, West Virginia, to the United States District Court for the Northern District of West Virginia.  Removal of this action is based upon the following:

### BACKGROUND

1.        Plaintiffs Byron Gilbert and Elaine Gilbert ("Plaintiffs") filed the instant action in the Circuit Court of Harrison County, West Virginia on or about November 8, 2013.  The Complaint filed with the Circuit Court of Harrison County, West Virginia alleges age discrimination (Count I), tort of outrage (Count II), violations of employee handbook and/or

manual (Count III) and constructive discharge (Count IV) and seeks compensatory and punitive damages.  See Complaint attached hereto as part of **Exhibit A**.

2. Defendant was served on November 15, 2013.

## REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

3. Congress has authorized the federal courts to exercise diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." Vandevander v. Jimenez, No. 3:11-CV-85, 2011 U.S. Dist. LEXIS 139904 (N.D.W.Va. Dec. 5, 2011), citing 28 U.S.C. § 1332(a)(1).

4. For the purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).

5. In the Complaint, Plaintiffs allege that they are "resident[s] and citizen[s] of Taylor County, West Virginia." (Complaint at ¶¶ 1 and 2).

6. Plaintiffs allege that Defendant is "organized under the laws of the Commonwealth of Virginia and is a corporation existing within the Commonwealth of Virginia . . ." and that Defendant's "principal office address is 5008 Airport Road, Roanoke, VA 24012 . . .." (Complaint at ¶ 3).

7. Defendant is a Virginia corporation and maintains a principal place of business in Roanoke, Virginia.

8. Defendant is, therefore, a citizen of the Commonwealth of Virginia.

9. Accordingly, Plaintiffs and Defendant are citizens of different states.

10. "When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to [the plaintiff] . . . ." R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc., 23 Fed. Appx. 141, 145 (4th Cir. 2001) (citing Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983)).

11. When the plaintiff neglects to specify damages sought, the removing party must "prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount of $75,000." Maxwell v. Wells Fargo Bank, N.A., No. 2:09-cv-0500, 2009 U.S. Dist. LEXIS 94476, *5 (S.D.W.Va. Oct. 9, 2009).

12. Under those circumstances, when "the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." Wellman v. Great American Lines, Inc., 2013 U.S. Dist. LEXIS 139618, at *4 (N.D. W.Va. Sept. 26, 2013) (citing 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998)).

13. "Although courts strictly construe the statute granting removal jurisdiction … the court is not required 'to leave common sense behind' when determining the amount in controversy." Wellman, at *3 (quoting Mullins v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994)).

14. The removing party may rely on the entirety of the facts and circumstances of the plaintiff's claims in the Complaint to determine the possible damages recoverable on each claim. Smith v. Booth, 2007 U.S. Dist. LEXIS 75145, *4-5 (S.D. W.Va. Oct. 9, 2007); Adkins v. Audi of Am., Inc., 2009 U.S. Dist. LEXIS 39045, *6-7 (S.D. W.Va. May 7, 2009).

15. Plaintiffs allege age discrimination (Count I) in violation of the West Virginia Human Rights Act, tort of outrage (Count II), violations of employee handbook and/or manual (Count III) and constructive discharge (Count IV).

16. Under the West Virginia Human Rights Act, individuals may be entitled to legal and equitable relief, attorneys' fees and punitive damages. W.Va. Code § 5-11-13(c); CSX Transp. V. Smith, 729 S.E.2d 151, 172 (2012).

17. In their Complaint, Plaintiffs seek damages for past lost wages, loss of company vehicle, loss of past benefits and stock options, annoyance, inconvenience, humiliation, financial distress, loss of opportunity, embarrassment, fear, emotional distress, attorneys' fees and other litigation costs; damages for loss of consortium, loss of society, affection, assistance and conjugal fellowship; punitive damages; and all other relief the court deems just. (Complaint at ¶¶ 39, 41 and "Wherefore clause").

18. As stated in the attached Declaration of Richard Robbins (hereinafter, "Robbins Dec., ¶ ___", attached hereto as **Exhibit B**), ¶ 6, Plaintiff was earning an annual salary of $77,709 at the time of his resignation from Advance Auto, which became effective on December 31, 2011.

19. In addition to his base salary, Plaintiff was eligible to receive various employee benefits (including, e.g. medical benefits) for himself and his family. (Robbins Dec., ¶ 7)

20. Plaintiff also was eligible to participate in a 401(k) retirement savings plan. (Robbins Dec., ¶ 8)

21. Further, as alleged by Plaintiff, he was provided with a company vehicle, which, for a minimal monthly sum, he utilized for personal use as well. (Robbins Dec., ¶ 9)

22. Based upon the foregoing information, the damages available pursuant to the applicable statute, and the prayer for relief in the Complaint, which includes claims for non-pecuniary compensatory damages (e.g., emotional distress, loss of consortium, etc.) and punitive damages, collectively, the amount in controversy exceeds the jurisdictional amount of $75,000.

## VENUE

23. The United States District Court for the Northern District of West Virginia includes the county in which Plaintiffs filed their Complaint.  Thus, removal to this Court is proper pursuant to 28 U.S.C. §1446(a).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

24. This Notice of Removal has been filed within 30 days after service of Plaintiffs' Complaint on Defendant.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

25. Copies of the Complaint and all process, pleadings, orders and other papers or exhibits of every kind currently on file in the Circuit Court of Harrison County, West Virginia are attached to this Notice of Removal as **Exhibit A** as required by 28 U.S.C. §1446(a).

26. Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiffs and will file a Notice of Filing of Notice of Removal with the clerk of the Circuit Court of Harrison County, West Virginia.  As required by 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

WHEREFORE, Defendant respectfully requests that the United States District Court for the Northern District of West Virginia accept the removal of this action from the Circuit Court of

Harrison County, West Virginia and direct that the Circuit Court of Harrison County, West Virginia have no further jurisdiction over this matter unless this case is remanded.

Dated:  <u>December 16, 2013</u>                    Respectfully submitted,

                                                                        JACKSON LEWIS P.C.


                                                                        <u>*s/ A. Patricia Diulus-Myers*</u>
                                                                        A. Patricia Diulus-Myers
                                                                        WV ID No. 9601
                                                                        diulusmp@jacksonlewis.com
                                                                        One PPG Place, 28th Floor
                                                                        Pittsburgh, PA  15222
                                                                        (412) 232-0404
                                                                        (412) 232-3441 *facsimile*

                                                                        ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| BYRON GILBERT and ELAINE GILBERT, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. _____ |
| ) | |
| v. ) | ELECTRONICALLY FILED |
| ) | |
| ADVANCE STORES COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2013, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following. A copy of the NOTICE OF REMOVAL was also sent via the United States Postal Service, first class mail, addressed as follows:

**Erika Klie Kolenich, Esquire**
**Christina J. Rumbach, Esquire**
**KLIE LAW OFFICES, PLLC**
**85 West Main Street**
**Buckhannon, WV 26201**

*s/ A. Patricia Diulus-Myers*
A. Patricia Diulus-Myers

4810-4714-4214, v. 1