# EXHIBIT A

## Request for Legal Process to be Served by the West Virginia Secretary of State

Please serve the named defendant, Advance Stores Company, Incorporated _____, in the attached matter according to the provision of law cited below. The fee of **$20** per defendant required by W. Va. Code §59-1-2 is attached ($30 if defendant is out of U.S.). Check all applicable:

☐ §21A-5-17c — Service on non-resident employer & others liable for unemployment compensation payments

☐ §29-19-14 — Service on professional fund raising counsel, nonresident charitable organizations or professional solicitors soliciting contributions from people in this State

☐ §31D-5-504 & §56-3-13 — Service on authorized domestic corporation

☒ §31D-15-1510 — Service on authorized foreign corporation

☐ §31D-15-1510 — Service on unauthorized foreign corporation

☐ §31B-1-111 & §31B-9-906 — Service on authorized domestic or foreign limited liability company

☐ §33-4-12 — Service on licensed insurer

☐ §33-4-13 & §33-2-22 — Service on unlicensed or unauthorized foreign insurer

☐ §38-1A-7 & §38-1A-8 — Service on non-resident trustee of a security trust

☐ §46A-2-137 — Service on certain nonresidents under WV Consumer Credit and Protection Act

☐ §47-9-4 — Service on authorized domestic or foreign limited partnership formed under §47-9, or limited liability partnership (LLP) formed under §47B-10 (see also §56-3-13a, §47B-9-6)

☐ §47-9-4 — Service on unauthorized foreign limited partnership or LLP

☐ §56-3-31 — Service on nonresident motor vehicle operator involved in an accident in this state, or on his/her insurer

☐ §56-3-33(a) — Service on individual under the long-arm statute because the individual is:

    ☐ (1) Transacting business in this state

    ☐ (2) Contracting to supply services or things in this State

    ☐ (3) Causing tortious injury in this state by act or omission (see §56-3-33(4) for description of causing tortious injury)

    ☐ (4) Non-support of minor children (pursuant to Lozinski v. Lozinski)

    ☐ (5) Causing injury in this State by breach of warranty

    ☐ (6) Having interest in, using or possessing real property in this State

    ☐ (7) Contracting to insure person, property or risk located in WV at the time of contracting

☐ §38-5A-5 — Service of suggestee execution as provided for in §38-5A

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
(Other than Domestic Relations)

In the Circuit Court, __HARRISON_____ County, West Virginia

## I. CASE STYLE:

**Plaintiff(s)**                                      Case # _____

GILBERT, Byron & Elaine _____          Judge: _____

Rt. 1, Box 287B _____

Grafton, WV  26354 _____

**vs.**

| **Defendant(s)** | **Days to Answer** | **Type of Service** |
|---|---|---|
| | | |
| **Street** | | |
| | | |
| **City, State, Zip** | | |
| ADVANCE STORES COMPANY, INC. | | |
| c/o National Registered Agents, Inc. | | |
| 5400 D Big Tyler Rd. Charleston WV 25313 **Street** | 20 | Certified Mail |
| **City, State, Zip** | | |
| | | |
| **Street** | | |
| **City, State, Zip** | | |
| | | |
| **Street** | | |
| **City, State, Zip** | | |

**Original and 2_____ copies of complaint enclosed/attached.**

SCA-C100.02 / 1 of 2

| PLAINTIFF: Byron & Elaine Gilbert<br>DEFENDANT: Advance Stores Company, Inc. | CASE NUMBER: |
|---|---|

## II. TYPE OF CASE:

☑ General Civil

☐ Mass Litigation<br>(As defined in T.C.R. Rule XIX (c))

    ☐ Asbestos<br>    ☐ Carpal Tunnel Syndrome<br>    ☐ Diet Drugs<br>    ☐ Environmental<br>    ☐ Industrial Hearing Loss<br>    ☐ Silicone Implants<br>    ☐ Other: _____

☐ Habeas Corpus/Other Extraordinary Writ

☐ Other: _____

☐ Adoption

☐ Administrative Agency Appeal

☐ Civil Appeal from Magistrate Court

☐ Miscellaneous Civil Petition

☐ Mental Hygiene

☐ Guardianship

☐ Medical Malpractice

## III. JURY DEMAND: ☑ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): 11 / 14

## IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES ☑ NO

IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities<br>☐ Interpreter or other auxiliary aid for the hearing impaired<br>☐ Reader or other auxiliary aid for the visually impaired<br>☐ Spokesperson or other auxiliary aid for the speech impaired<br>☐ Other:_____

Attorney Name: Christina Joann Rumbach<br>Firm: Klie Law Offices, PLLC<br>Address: 85 W. Main Street<br>Telephone: 304-472-5007<br>Dated: November 6, 2013

*Representing:*

☑ Plaintiff ☐ Defendant<br>☐ Cross-Complainant ☐ Cross-Defendant

Signature

☐ Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

IN THE CIRCUIT COURT OF HARRISON COUNTY,
WEST VIRGINIA

**BYRON GILBERT, and**
**ELAINE GILBERT,**

     **PLAINTIFFS,**

**VS.**                                    **CIVIL ACTION NO.:**

**ADVANCE STORES COMPANY, INC.,**

     **DEFENDANT.**

## COMPLAINT

NOW COME the Plaintiffs, Byron Gilbert and Elaine Gilbert, and for their cause of action against the defendant, state and allege, as follows to-wit:

### PREFACE

(1)     Plaintiff, Byron Gilbert, (hereinafter referred to as "Plaintiff Gilbert") is an adult individual and a resident and citizen of Taylor County, West Virginia.

(2)     Plaintiff, Elaine Gilbert is an adult individual, wife of Plaintiff Byron Gilbert, and a resident and citizen of Taylor County, West Virginia.

(3)     Based upon information and belief, Defendant, Advance Stores Company, Incorporated (hereinafter referred to as Defendant "Advance Auto") is organized under the laws of the Commonwealth of Virginia and is a corporation existing within the Commonwealth of Virginia; Defendant Advance Auto actively, systematically conducts, contracts, and transacts business in West Virginia by operating auto parts stores throughout and receiving the benefits of conducting business within the State of West Virginia and Preston County, West Virginia; Defendant Advance Auto actively, systematically conducts, contracts and transacts business in West Virginia by owning and operating auto parts store

1

7180 located at  1025 W. Main Street, Bridgeport, WV  26330, Harrison County, West Virginia, thereby purposefully availing themselves of the privileges and benefits of conducting business within the State of West Virginia;   Defendant Advance Auto is registered to conduct, contract and transact business within the State of West Virginia.   Defendant Advance Auto's principal office address is 5008 Airport Road, Roanoke, VA  24012; and Defendant Advance Auto's notice of process address is National Registered Agents, Inc., 5400 D. Big Tyler Road, Charleston, WV  25313.

(4)     Defendant Advance Auto hired Plaintiff Gilbert as a store Manager on or about October, 1992, to work in the Kanawha City store located at Charleston, West Virginia.

(5)      In or about June of 1994, Plaintiff Gilbert was promoted to District Manager with responsibility for opening new stores for the company in the northern part of West Virginia, southwestern Pennsylvania and Oakland, OH, approximately twenty-nine (29) stores.

(6)     As the company grew through the efforts of Plaintiff Gilbert, there came a time when the Pittsburgh region was divided and various regions were created.

(7)     Upon information and belief, Plaintiff Gilbert assumed responsibility as District Manager of fifteen stores comprising Region 52.

(8)     On or about May of 2011, Plaintiff Gilbert was transferred to Region 36, with the same responsibilities as he had undertaken in Region 52.

(9)    At no time did either of his supervisors, discuss any concerns about Plaintiff Gilbert's staffing, sales, profits or payroll/overtime.

(10)    At all times relevant herein and for a period of over nineteen (19) years, Plaintiff Gilbert performed all his job duties in a satisfactory and/or above average manner.  Plaintiff Gilbert was awarded numerous achievement awards for profitability, sales and leadership.

(11)    On or about November 8, 2011, Plaintiff Gilbert was informed that his immediate supervisor and human resources manager were touring some of the stores in his district.  At no time was he asked to join them on the tour as would be their usual practice.  Plaintiff Gilbert was, however, asked to meet with his direct supervisor, Mr. Clegg, on November 9, 2011.

(12)    On November 9, 2011, without any warning or indication of unsatisfactory performance, Plaintiff Gilbert met with his direct supervisor, Mr. Clegg, at a public restaurant in Harrison County, West Virginia, where he was placed on a performance improvement plan which would start immediately. Plaintiff Gilbert had already requested and been approved for a prepaid family vacation and was assured there was no need to cancel his trip.

(13)    On December 5, 2011, at a meeting requested and initiated by Plaintiff Gilbert to "brain-storm" ideas in furtherance of promotion of and correction of any concerns they may have had with his district's stores, Mr. Clegg reiterated the performance improvement plan, brought up issues such as service leadership assessments that were not part of the PIP, berating and downgrading Plaintiff Gilbert all in front of other Regional Staff.

(14)   On or about December 16, 2011, while meeting with his Customer Account Managers to discuss Customer Traction scores released that same day, Plaintiff Gilbert received a telephone call from Mr. Clegg who suggested it would be in Plaintiff Gilbert's best interests and that of the company if he would resign.

(15)   At no time did Mr. Clegg attempt to meet with Plaintiff Gilbert in person to discuss any concerns on his performance before or after the "Performance Improvement Plan" was administered with the exception of the meeting Plaintiff Gilbert initiated and arranged on December 5, 2011.

(16)   Plaintiff Gilbert filed a complaint with the Human Rights Commission regarding the allegations herein which was transferred to the EEOC on September 13, 2013, and is ongoing.

## Count 1 – AGE DISCRIMINATION

(17)   Plaintiffs hereby re-allege each and every allegation contained in Paragraphs One (1) through Sixteen (16) as if fully rewritten herein.

(18)   Plaintiff Gilbert was at all times relevant herein a member of a protected class of individuals as he was over the age of forty.  Based upon information and belief Plaintiff Gilbert maintains and therefore avers that his constructive discharge and/or crucial aspects of his employment were motivated in whole or in part by his age classification.

(19)   Plaintiff Gilbert alleges that Defendant and/or other representatives, employees and/or agents of Defendants engaged in various severe and hostile actions against him which were based at least in part on his age.

(20)   Upon information and belief, one Central Account Manager, Ron Batson, introduced Plaintiff to several commercial accounts as "bringing my Grandfather to work with me today".  In addition, a fellow division leader, Jason Hand, pointed out Plaintiff Gilbert in front of all Region 36 General Managers, the Regional HR Manager and Vice President, commenting on the amount of his accrued vacation due to his number of years of service which caused undue embarrassment as the entire room turned around to stare at him.

(21)   Such behavior was unwelcome by Plaintiff Gilbert in the work environment and rendered the workplace and working conditions hostile and unbearable for Plaintiff.  In fact, Plaintiff Gilbert was replaced with a much younger store manager with limited experience.

(22)   The aforesaid age discrimination was inflicted upon Plaintiff Gilbert in direct violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-1, *et seq.*

(23)   As a direct and proximate result of the illegal, wrongful, reckless, willful, intentional, negligent, and tortious discrimination and constructive discharge of Plaintiff by Defendant, Plaintiffs have suffered injuries, damages and losses as hereinafter alleged.

## Count II – TORT OF OUTRAGE

(24)   Plaintiffs hereby re-allege each and every allegation contained in Paragraphs One (1) through Twenty-three (23) of this Complaint as if fully rewritten herein.

(25)    The wrongful employment acts and/or omissions taken against Plaintiff Gilbert by Defendant Advance Auto were done in an outrageous manner and were so extreme as to be intolerable in a civilized society.

(26)    As a result of the outrageous, wrongful actions aforesaid, Plaintiff Gilbert suffered injuries, damages and losses as hereinafter set forth.

### Count III – VIOLATIONS OF EMPLOYEE HANDBOOK AND/OR MANUAL

(27)    Plaintiffs hereby re-allege each and every allegation contained in paragraphs One (1) through Twenty-six (26) of this Complaint as if fully rewritten herein.

(28)    Based upon information and belief during the time that Plaintiff Gilbert worked for and supervised other Managers of Defendant Advance Auto, there were various manuals or employee handbooks which provided for certain procedures, policies, and/or grievance procedures.  These procedures, policies and/or grievance procedures were reiterated during orientations/meetings.

(29)    Plaintiff Gilbert relied on the representation of manuals and/or employee handbooks, and Defendant's employees, representatives and agents failed to adhere to the procedure or policies provided for in said manuals or employee handbooks, and in so doing breached an implied and/or express contract with the Plaintiff.

(30)    As a direct and proximate result of the wrongful, intentional, and malicious breach of said manual and/or employee handbook provisions, Plaintiffs have incurred damages injuries and losses as hereinafter set forth.

## Count IV – CONSTRUCTIVE DISCHARGE

(31)    Plaintiffs hereby re-allege each and every allegation contained in paragraphs One (1) through Thirty (30) of this Complaint as if fully rewritten herein.

(32)    At all times relevant herein, Plaintiff Gilbert maintains and therefore avers that his termination and/or crucial aspects of his employment were motivated in whole or in part by his age classification.

(33)    Plaintiff Gilbert alleges that Defendant Advance Auto replaced him with a younger less experienced manager and that had been their original intent in placing Defendant Gilbert on his first performance improvement plan in his nineteen (19) years of dedicated service to the Company.  In addition, Plaintiff Gilbert was advised during the performance improvement plan period that he was the only District Manager that had not been put in for a stock option bonus due to his lack of performance.

(34)    Based upon information and belief Defendant Advance Auto had actual and/or constructive knowledge of such treatment and failed to have policies and procedures in place to prevent the same and/or failed to enforce said policies and procedures to the extent the same did exist.

(35)    Plaintiff could not endure such treatment, which rendered his work environment hostile and he had no option other than to end his employment.

(36)    Plaintiff Gilbert did not commit any separate dischargeable offense.

7

(37)   As a direct and proximate result of the outrageous and wrongful actions aforesaid, Plaintiff Gilbert has suffered damages, injuries and losses as hereinafter set forth.

## Count V – DAMAGES

(38)   Plaintiffs hereby re-allege each and every allegation contained in Paragraphs One (1) through Thirty-seven (37) of this Complaint as if fully rewritten herein.

(39)   As a direct and proximate result of the wrongful acts and/or omissions of Defendant Advance Auto as hereinabove described, Plaintiff Gilbert has suffered the following injuries, damages and losses, including but not limited to:  past lost wages, loss of company vehicle, loss of past benefits and stock options, annoyance, inconvenience, humiliation, financial distress, loss of opportunity, embarrassment, fear, emotional distress, attorney fees and other litigation costs.

(40)   All of the acts of Defendant Advance Auto and its' agents, servants, and employees, as alleged in each count of this Complaint were willful, wanton, and malicious and/or reckless and/or in reckless disregard for the rights of Plaintiff Gilbert and as such the Defendant Advance Auto should be required to respond in punitive damages.

(41)   That as a result of the wrongful and negligent acts of the Defendant, Plaintiff, Elaine Gilbert, was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and

8

conjugal fellowship, all to the detriment of their marital relationship.  That all the aforesaid injuries and damages were caused solely and proximately by the negligence and herein acts of the Defendant.

**WHEREFORE**, Plaintiffs Byron Gilbert and Elaine Gilbert demand judgment against Defendant Advance Auto in an amount that would adequately compensate Plaintiffs for the unlawful acts and/or omissions and violations of law by Defendant Advance Auto, plus whatever other relief the Court or Jury would deem just; punish and deter Defendants from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter others from committing this type of conduct in the State of West Virginia in the future and in such amount as will satisfy all other reasons of law and public policy for an award of punitive damages; and Plaintiff further prays for an award of attorneys fees, costs, interest, and for such other relief as the Court or jury deems just; Further, Plaintiffs demand an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

<u>PLAINTIFF ENDORSES A JURY DEMAND HEREON</u>.

BYRON GILBERT, and
ELAINE GILBERT,

By Counsel,

Erika Klie Kolenich, Esq. (9880)
Christina J. Rumbach, Esq. (10550)
Klie Law Offices, PLLC
85 West Main Street
Buckhannon, WV 26201
304-472-5007
Facsimile: 304-472-1126
ehklie@klielawoffices.com
crumbach@klielawoffices.com

Christina J. Rumbach, Esq.

9

**VERIFICATION**

STATE OF WEST VIRGINIA;

COUNTY OF _____; TO-WIT:

     I, Byron Gilbert, the Plaintiff named in the foregoing COMPLAINT after being first duly sworn, do hereby swear that the facts and allegations therein contained ate true, except insofar as they are therein stated to be upon information and belief, I believe them to be true.

_____
Byron Gilbert

Taken, subscribed, and sworn to before me, a Notary Public, by Byron Gilbert, on this the _5th_ day of _November_____, 2013.

OFFICIAL SEAL
Notary Public, State of West Virginia
**TAMMY M COCHRAN**
Route 1 Box 402 1
Grafton, WV 26354
My commission expires March 8, 2023

_Tammy M Cochran_____
Notary Public

My Commission Expires: _March 8, 2033_____

10

**VERIFICATION**

STATE OF WEST VIRGINIA;

COUNTY OF _____; TO-WIT:

  I, Elaine Gilbert, the Plaintiff named in the foregoing COMPLAINT after being first duly sworn, do hereby swear that the facts and allegations therein contained ate true, except insofar as they are therein stated to be upon information and belief, I believe them to be true.

_____
Elaine Gilbert

Taken, subscribed, and sworn to before me, a Notary Public, by Elaine Gilbert, on this the _5th_ day of _November_____, 2013.

OFFICIAL SEAL
Notary Public, State of West Virginia
**TAMMY M COCHRAN**
Route 1 Box 402 1
Grafton. WV 26354
My commission expires March 8, 2023

_____
Notary Public

My Commission Expires: _March 8, 2033_____

11