IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BYRON GILBERT, et ux.,**
    **Plaintiffs,**

v.                                                                                           Civil Action No. 1:13-cv-261

**ADVANCE STORES COMPANY, INC.,**
    **Defendant.**

## ORDER/OPINION

This matter is before the Court pursuant to Plaintiffs' "Motion to Compel Discovery," filed on October 8, 2014. (Docket No. 65.) Defendant filed its response in opposition on October 10, 2014. (Docket No. 71.) This matter was referred to the undersigned by United States District Judge Irene M. Keeley on August 15, 2014. (Docket No. 43.) On October 14, 2014, counsel for the parties appeared before the Court via telephone for a hearing on Plaintiffs' motion.

### I.    Relevant Procedural History

On November 28, 2013, Plaintiffs filed a Complaint against Defendant in the Circuit Court for Harrison County, West Virginia, alleging that Defendant engaged in age discrimination, the tort of outrage, violations of its employee handbook and/or manual, and constructive discharge. (Docket No. 1-1.) The matter was removed to this Court by Defendant on December 16, 2013. (Docket No. 1.) Defendant filed an Answer on December 23, 2013. (Docket No 5.) Plaintiff subsequently filed a motion to remand on January 13, 2014 (Docket No. 6), to which Defendant filed a response on January 29, 2013 (Docket No. 9), and Plaintiff filed a reply on February 5, 2014 (Docket No. 11). Judge Keeley denied the motion for remand on June 11, 2014. (Docket No. 28.)

On February 13, 2014, Judge Keeley entered a Scheduling Order, directing that all discovery in this matter be complete by September 15, 2014. (Docket No. 14.) On September 4, 2014, Judge Keeley entered an Order modifying the Scheduling Order in part. (Docket No. 55.) That Order

extended the deadline for completion of discovery until October 15, 2014.[1] Having failed in "good faith negotiations," Plaintiffs filed the instant motion to compel.

## II. Disputed Discovery Request

On June 19, 2014, Plaintiffs served their Third Set of Interrogatories on Defendant. (Docket No. 38.) Plaintiffs ask that the Court compel Defendant to respond fully to the following request:

> **INTERROGATORY NO. 2**: Please identify who John Campbell is, stating his address, telephone number, age, job titled [sic], job location, and details of his termination from Advanced Stores Company.
>
> **RESPONSE**: Defendant objects to Interrogatory No. 2–which actually represents Plaintiff's nineteenth interrogatory, exclusive of subparts–on the basis that it is not likely to lead to the discovery of admissible evidence, in that Plaintiff has not articulated in any way how "John Campbell" relates or is relevant to Plaintiff's claims (e.g., whether Mr. Campbell is in possession of first-hand knowledge or information supportive of Plaintiff's claims; whether Mr. Campbell is purported comparator, etc.) Without supplying this critical information, Defendant is unable to offer a more explicit objection. Subject to and without waiving said objection, Defendant further responds that it has employed upward of twenty employees by the name of "John Campbell" there by rendering Interrogatory No. 2 overly broad, unduly vague and overly burdensome, without some additional information by which the John Campbell to whom Plaintiff refers can be identified.

(Docket No. 65 at 2.)

## III. Contentions

In support of their motion to compel, Plaintiffs state as follows:

> The purpose of this request was to establish that John Clegg terminated or forced another District Manager to resign due to his age. Plaintiff claims that he was constructively discharged and the said discharge was based upon his age. Plaintiff further contends that he was told by the Defendant that said discipline was due to his district's low performance. Plaintiff was put on an improvement plan for said low performance. It is the Plaintiff's contention that this reason is a pretext. It is believed that Mr. Campbell is an older gentleman who was also terminated or forced

---

[1] On October 6, 2014, Plaintiffs filed a "Motion to Vacate Scheduling Order and Continue Trial." (Docket No. 63.) That motion is currently pending before Judge Keeley.

2

to resign due to age.

(Docket No. 65 at 2.)

In response, Defendant argues that Plaintiffs' motion to compel should be denied because:

1. The motion was not filed within the mandated thirty-day time period; and

2. Plaintiffs' delay is not excusable.

(Docket No. 71 at 1-6.)

## IV. Discussion

Under the Local Rules of Civil Procedure, a motion to compel

> is deemed waived if it is not filed within thirty (30) days after the discovery response or disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party. In any event, the moving party must show good cause to delay the trial or modify the scheduling order.

L. R. Civ. P. 37.02(b). As United States Magistrate Judge James E. Seibert has previously stated:

> Hence, the Local Rule specifies that a motion to compel must be filed within thirty days after the requested discovery is due. . . . If the requesting party does not file the motion until after that time, the party has waived his right to any material he may have obtained from the request, unless it can show good cause for the delay.

Ayers v. Cont'l Cas. Co., 240 F.R.D. 216, 224 (N.D. W. Va. 2007). Responses to interrogatories are due "within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2).

Here, although Plaintiffs certified that their Third Set of Interrogatories was served on June 19, 2014 (Docket No. 38), Defendant has provided a letter showing that these requests were not served until on or about June 23, 2014 (Docket No. 71-1). Thirty days from that date was July 23, 2014. However, Defendant had an additional three (3) days in which to respond because Plaintiffs utilized United States Mail to effect service. See Fed. R. Civ. P. 6(d). That date was Saturday, July

3

26, 2014. Because the last day to respond fell on a Saturday, Defendant's responses were not due until Monday, July 28, 2014. See Fed. R. Civ. P. 6(a)(1)(C).

Defendant timely served its responses on July 28, 2014. (Docket No. 41.) Accordingly, because responses were due on July 28, 2014, Plaintiffs had until August 27, 2014 to file a motion to compel. Nevertheless, Plaintiffs waited more than **seventy days**, until October 9, 2014, to file the instant motion. Furthermore, based upon the parties' representations at the hearing, the undersigned finds that Plaintiffs have not shown good cause for their delay in filing the instant motion. Given the day and the failure to show good cause, Plaintiffs have "waived [their] right to any material [they] may have obtained from the request" to compel. L. R. Civ. P. 37.02(b).

## V. Conclusion and Order

For the foregoing reason, Plaintiffs' "Motion to Compel Discovery" (Docket No. 65) is **DENIED**.

It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order/Opinion to counsel of record and to remove Docket No. 65 from the list of motions actively pending before this Court.

DATED: October 14, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE